IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALIREZA BIJAN GHODSTINAT, FRAIDON KORANGY, and BAHAR KORANGY,<br><br>Plaintiffs,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN<br><br>Defendant. | Civil Action No.: 1:23-cv-03175-CRC |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO
PROCEED WITH SERVICE PURSUANT TO 28 U.S.C. § 1608(a)(4)**

This is an action brought pursuant the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602–1611, against the Islamic Republic of Iran ("Iran") under the FSIA's "state sponsor of terrorism" exception to sovereign immunity. *Id.* § 1605A. As alleged in their Complaint, Plaintiffs Alireza Bijan Ghodstinat, Fred Fraidon Korangy, and Bahar Korangy (collectively, "Plaintiffs") are U.S. citizens that were held against their will and tortured by Iran. Mr. Ghodstinat and Mr. Korangy were tortured falsely accused of espionage and tortured in Evin Prison, a notorious political prison in Tehran. After their release, they continued to be held against their will in Iran for almost two years, where the Iranian regime continued to torture them through threats and further interrogation. Mrs. Korangy was also interrogated at Evin Prison, subject to threats, and held against her will in Iran.

Plaintiffs are now in the process of attempting to serve Iran under the framework set forth by the FSIA. *See* 28 U.S.C. § 1608. These provisions, in relevant part, require Plaintiffs to serve Iran by mail via its Minister of Foreign Affairs, Hossein Amir-Abdollahian. *Id.* § 1608(a)(3). However, "if service [by mail] cannot be made within 30 days," the FSIA allows Plaintiffs to

attempt to serve Iran via diplomatic channels. *Id.* § 1608(a)(4). More than 30 days have now passed, and Plaintiffs have been unable to serve the Iranian Ministry of Foreign Affairs by mail. As set forth below, Plaintiffs have attempted to serve Iran by mail, but mail service to Iran is futile. To the extent it is available, it will take far longer than the 30 days required by the FSIA. Plaintiffs therefore request leave to proceed with diplomatic service under 28 U.S.C. § 1608(a)(4). Given the specific provisions of the FSIA, they make this request out of an abundance of caution, even though more than 30 days have already passed.[1]

## LEGAL STANDARD

"A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j)(1); *Estate of Doe v. Islamic Republic of Iran*, 808 F. Supp. 2d 1, 12 (D.D.C. 2011). The FSIA prescribes four methods for serving legal process on a foreign state, in descending order of preference—meaning service must be attempted by the first method (or determine that it is unavailable) before proceeding to the second method, and so on. *See* 28 U.S.C. § 1608(a); *see also Barot v. Embassy of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015) (explaining § 1608(a) "descending order of preference" framework); *Azadeh v. Gov't of the Islamic Republic of Iran*, 318 F. Supp. 3d 90, 100 (D.D.C. 2018) (holding that service must first be attempted under § 1608(a)(3) before attempting service by diplomatic channels under § 1608(a)(4)).

---

[1] Simultaneous with the filing of this motion, Plaintiffs filed an Affidavit Requesting Foreign Mailing pursuant to 28 U.S.C. § 1608(a)(4), which asks the Clerk to dispatch the complaint, summons, and other required materials to Defendant Syria via diplomatic channels. *See* ECF No. 6. That request does not moot the present motion. "Compliance with the jurisdictional requirements of section 1608(a) is a question the Court must independently analyze, regardless of whether the Clerk mailed the documents." *See* Order, *Dawes v. Syrian Arab Republic*, 1:21-cv-02730-RC (Jul. 7, 2022), ECF No. 14 (citation and quotation marks omitted) (addressing similar questions to those presented here and providing the plaintiff with leave to proceed under § 1608(a)(4)).

The first method of service is delivery of the summons and complaint "in accordance with any special arrangement for service between the plaintiff and the foreign state." 28 U.S.C. § 1608(a)(1). If no such arrangement exists, then the statute permits delivery of the complaint and summons "in accordance with an applicable international convention on service of judicial documents." *Id.* § 1608(a)(2). If neither of the foregoing methods is available, a plaintiff can send the summons, complaint, and a notice of suit (together with a translation of each into the official language of the foreign state) "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." *Id.* § 1608(a)(3). Finally, "if service cannot be made [by mail under § 1608(a)(3)] within 30 days," then the plaintiff can request that the clerk of the court dispatch two copies of the summons, complaint, and notice of suit (together with a translation of each into the foreign state's official language) to the Secretary of State, who then "shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." *Id.* § 1608(a)(4).

## ARGUMENT

Plaintiffs cannot serve Iran pursuant to § 1608(a)(1) or (a)(2), because no special arrangement exists between Plaintiffs and Iran, and because Iran is not a party to any international convention on service. Plaintiffs were also unable to serve Defendants within 30 days by mail pursuant to § 1608(a)(3). *See Blank v. Islamic Republic of Iran*, No. CV 19-3645 (BAH), 2021 WL 3021450, at *8 (D.D.C. July 17, 2021); *Holladay v. Islamic Republic of Iran*, 406 F. Supp. 3d 55, 61–62 (D.D.C. 2019); *see also Frost v. Islamic Republic of Iran*, 383 F. Supp. 3d 33, 49 (D.D.C. 2019). More than 30 days have passed. *See* Summons (Oct. 27, 2023), ECF No. 6.

The Court's Affidavit Requesting Foreign Mailing lists three means of service under § 1608(a)(3): (1) certified or registered mail, return receipt requested; (2) DHL; or (3) FedEx. *See* Ex. 1, Aff. Requesting Foreign Mailing, U.S. District Court for the District of Columbia (Jun. 2018), https://www.dcd.uscourts.gov/sites/dcd/files/AfdReqForeignMlg2018FILL.pdf. Since the summons was issued more than 30 days ago, Plaintiffs' counsel has made attempts to effect service via all three of these carriers.

DHL and FedEx are unavailable for shipping to Iran. On DHL's website, attempting to ship a package from the United States to Iran results in a messages that says "DHL Express does not ship to this country at this time. Please select a different destination country to continue." *See* Ex. 1, Decl. of Cody Marden. Subsequent calls confirmed DHL does not currently deliver to Iran. FedEx does not even list Iran as option on its website when creating an international shipping, and other sections of its website note that: "Service to this country is currently suspended." *Id.* Subsequent calls confirmed FedEx does not currently deliver to Iran.

Service on Iran by USPS certified or registered mail, return receipt requested is also futile. *See Hammons v. Islamic Republic of Iran*, No. CV 19-2518 (ACR/RMM), 2023 WL 5933340, at *17 (D.D.C. July 24, 2023), *report and recommendation adopted*, 2023 WL 6211248 (D.D.C. Sept. 25, 2023) (plaintiffs received notice that the Clerk's Office "could not effect service on Iran by U.S. mail" almost eight months after first attempting service by mail); *see also Alinejad v. Islamic Republic of Iran*, No. 19-CV-3599 (GMH), 2023 WL 4684929, at *9 (D.D.C. July 6, 2023) (requesting diplomatic service three-months after sending a package to Iran); *Amirentezam v. Islamic Republic of Iran*, No. 119CV02066EGSGMH, 2023 WL 5724121, at *12 (D.D.C. Sept. 5, 2023) (plaintiffs sent a sent a letter to the Clerk and moved onto diplomatic service more than a month after mailing a packing, stating that "no response was received"). Plaintiffs' counsel has

nevertheless attempted to ship to Iran via USPS. Counsel was unable to create a label on USPS's website and therefore made multiple calls to USPS to attempt to understand what would be required to ship to Iran, but was unable to obtain any information about how to ship a package to Iran. *See* Marden Decl. Plaintiffs' counsel therefore visited a USPS location in person, and an employee advised that, even if possible, mailing to Iran would take longer than 30 days. *Id.*

## CONCLUSION

Plaintiffs respectfully ask the Court for a determination that they have attempted the first three methods of service under the FSIA, 28 U.S.C. §§ 1608(a)(1)-(3), allowing them to proceed with service via diplomatic channels pursuant to 28 U.S.C § 1608(4).

Dated December 6, 2023	Respectfully submitted,

/s/ *Kirby D. Behre*
Kirby D. Behre (D.C. Bar # 398461)
Cody F. Marden (D.C. Bar #1631944)
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
Tel:	(202) 626-5800
Fax:	(202) 626-5801
Email: kbehre@milchev.com
Email: cmarden@milchev.com
*Counsel for Plaintiffs*